Lewis J. Messer, appellee, v. Besse F. Messer, appellant.

59 N. W. 2d 395

Filed July 3, 1953. No. 33278.

Charles L. Dort, Bernard S. Gradwohl, Elizabeth M. Axelrod, and White. Lipp & Simon, for appellant.

Chambers, Holland & Groth, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiff, alleging extreme cruelty, sought a divorce from the defendant, and that defendant have no award of permanent alimony. The defendant answered, admitting the marriage and residence of the parties, and denied generally. Defendant by cross-petition alleged extreme cruelty and prayed for a decree of separate maintenance, or in the alternative, an absolute divorce, and for property divison, alimony, and attorney's fees. During the trial and here defendant sought an absolute divorce.

The trial court granted the plaintiff an absolute divorce, awarded the defendant $45,000 alimony payable in installments, and awarded the defendant all wedding gifts, jewelry, clothing, and personal effects, and an attorney's fee of $4,500. The court further ordered the defendant to surrender the home of the parties and a Cadillac automobile to the plaintiff.

Defendant appeals, assigning error in refusing her the decree of divorce, and contending that the award of alimony and attorney's fees is inadequate. Plaintiff joins issue as to those contentions here, and by cross-appeal contends that the award of alimony was excessive and that additional attorney's fees should not be allowed.

We affirm in part and reverse in part.

These parties were married in April 1946. Each had been previously married; each had a minor child. No children were born to this union. At the time of the marriage plaintiff owned a furnished home. There the parties began living together as man and wife. Almost from the beginning their married life was one of periods of tranquility and tumult. The disagreements and discords center around things said and written to each other and to third parties about each other, and

around things done in the presence of each other and third parties. Each party complains as to things not done or tardily done by the other. The periods of discord increased as the years passed, and culminated in a physical assault, by the defendant on the plaintiff. This event is amply corroborated. The separation came in December 1951.

For almost 1,000 pages of the bill of exceptions the parties and their witnesses detail these occurrences. At times there is agreement on things said and disagreement as to what was meant, and there is disagreement as to what was said and done. The trial court heard and saw most of the witnesses. We have the cold record. No proper purpose could be served by detailing the evidence.

The applicable rules are: "Divorce cases are tried de novo on appeal to this court, subject to the rule that when credible evidence on material questions of fact is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite." Killip v. Killip, 156 Neb. 573, 57 N. W. 2d 147.

"Extreme cruelty may consist of personal injury or physical violence, or it may be acts or omissions of such character as to destroy the peace of mind or impair the bodily or mental health of the one upon whom they are inflicted or toward whom they are directed, or be such as to destroy the objects of matrimony." Killip v. Killip, *supra*.

Testing the evidence by these rules we reach the same conclusion as did the trial court. We affirm the decree of the trial court, granting an absolute divorce to the plaintiff.

This brings us to the question of alimony. At the time of the marriage plaintiff was the majority stockholder and in direct management and control of a corporation doing a substantial and successful business.

His net worth is shown at that time to be about $300,000. At the time of the trial his net worth is shown to be about $800,000. Defendant contributed little, if anything, to the successful conduct of the business. There is evidence that her conduct had the opposite effect; nevertheless, the net worth of plaintiff is not seriously disputed here.

The parties are each in early middle life. The plaintiff has had during these years a substantial and increasing salary from his business, which was, after income tax deductions, about the sum of $24,500 for the year 1947, increasing to about $35,000 for the year 1951. Plaintiff has some income from other sources.

Defendant was self-supporting prior to the marriage. Evidence as to her present earning ability was not developed. Defendant has a relatively small amount of personal property.

There is no particular showing of ill health on the part of the plaintiff. There is a showing of not too good health of the defendant, although it appears that she did have the health ability to go and do many of those things common to women of her age and station in life.

During the period of the marriage plaintiff paid for the education of defendant's child and furnished her a home and material benefits in a way consistent with his financial ability. About that defendant makes no complaint. Plaintiff made an allowance to his wife for home and personal use in the sum of $250 a month at the beginning of the marriage, which was increased from time to time to the sum of $550 a month during the last months of the marriage. To this should be added various expenditures during the years for labor-saving conveniences in the home, the use of an automobile by the defendant during the latter years, and throughout payments, in addition to the regular allowance, for extra purposes, clothing and vacation trips of defendant. Plaintiff maintained the home and the defendant on a standard of living consistent with his fi-

nancial ability, although not at all times in the manner desired by the defendant.

The rule is: "The court in deciding the amount of alimony or in making a division of property in a divorce case will consider the age of the parties, their earning ability, the duration of and the conduct of each during the marriage, their station in life, the circumstances and necessities of each, the physical condition of each, the property owned by them and whether or not it was acquired by their joint efforts, and any other pertinent facts." Killip v. Killip, *supra*.

This is not a rule that permits of mathematical certainty in arriving at the answer as to alimony or a division of property.

Considering all matters shown in the evidence we have concluded that the award of alimony made by the trial court was insufficient. The defendant is awarded alimony in the sum of $100,000, payable $20,800 on August 1, 1953, and the remaining $79,200, payable in payments of $600 on the first day of each and every month, commencing August 1, 1953, until said sum of $79,200 is paid.

The trial court awarded the home to the plaintiff. It is shown to be worth $25,000. The defendant is shown to have been dissatisfied with it, because of the problem of stairs in a two-story and basement home. The award of the home to the plaintiff is affirmed, together with all items of furniture and appurtenances therein. This award is taken into consideration in determining the amount of alimony above set out. The possession of the home, furniture, and appurtenances is to be surrendered by the defendant to the plaintiff on August 1, 1953.

The trial court awarded the defendant all wedding gifts and all jewelry, clothing, and personal effects customarily worn and used by the defendant. That award is affirmed.

It appears from the evidence that during the latter

years of this marriage, and during the pendency of this action, defendant has had the use of a Cadillac automobile. The trial court awarded the automobile to plaintiff. That part of the decree is reversed and it is awarded to the defendant.

The trial court awarded defendant an attorney's fee for $4,500. On motion here an award of $2,500 was allowed. An award of $10,000 is made to defendant as attorney's fees. This sum is to be inclusive of and not in addition to awards heretofore made. Any payments made on previous awards are to be credited on the $10,000 here made, and the difference only is to be paid. All costs are taxed to the plaintiff. Temporary awards heretofore made are to continue to August 1, 1953, and thereafter to cease.

The judgment of the district court is affirmed in part, and in part is reversed and the cause remanded to the trial court with directions to enter a decree in accord with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.